IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:09-CV-1632-L** |
| | § | |
| **RANDY K. MASSEY**, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| **MASSEY CONTRACTORS, L.L.C.,** | § | |
| **d/b/a EROSION CONTROL** | § | |
| **MANAGEMENT SERVICES,** | § | |
| | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Motion for Court Appointed Counsel, filed September 8, 2010; and Defendant's Motion for Release of Seized Property, filed July 20, 2010. After careful consideration of the motions, briefs, record, and applicable law, the court **denies** Defendant's Motion for Court Appointed Counsel and **denies** Defendant's Motion for Release of Seized Property.

**I.    Background**

On February 6, 2001, Defendant Randy K. Massey ("Defendant" or "Massey") pled guilty to Possession of a Counterfeit Security in violation of 18 U.S.C. § 513(a). Pursuant to the Mandatory Victim Restitution Act of 1996, Massey was ordered to pay $113,903.71 in restitution to the victims of his crime. On September 3, 2009, the United States submitted an Application for Writ of Garnishment pursuant to 18 U.S.C. §§ 3613 and 3664, and 28 U.S.C. § 3205. After Massey

failed to respond, the court entered a Final Order of Garnishment on April 30, 2010. After the Final Order of Garnishment was entered, Defendant appeared and argued that he was not properly served in this case, and that service was actually made on his brother. In response, the court set a hearing to clarify the matter and ordered the United States to bring its process server and Massey to bring his brother to testify. At the hearing, the United States brought its process server, but Massey did not bring his brother. The court permitted Massey to waive service. In its June 11, 2010 order, the court vacated its April 30, 2010 Final Order of Garnishment. The court expressly stated, that although the order has been vacated, the Writ of Garnishment, filed September 3, 2009, remained in effect, and the garnishee was instructed to continue withholding the specified property pending further order of the court. After the hearing, Defendant signed the waiver of service form. Defendant also filed a Motion for Release of Seized Property on July 20, 2010, to which the government filed a response on July 30, 2010. Defendant then filed a Motion for Court Appointed Counsel on September 8, 2010, to which the government filed a response on September 20, 2010.

## II. Analysis

Defendant makes two arguments. First, Defendant moves for the release of his seized property. Specifically, he argues that pursuant to 18 U.S.C. § 983(f)(1)(C), this court should order the immediate release of his garnished wages because the continued garnishment of his wages creates a substantial hardship and render him homeless. The government counters and contends that the Defendant is incorrect because 18 U.S.C. § 983(f)(1)(C) is inapplicable to this case, as it applies to forfeiture actions and not restitution actions. The court agrees. Title 18 U.S.C. § 983(f)(1)[*]

---

[*] 18 U.S.C. § 983(f)(1) provides:
    **(f) Release of Seized Property.-**
        (1) A claimant under subsection (a) is entitled to immediate release of seized property if-
            (A) the claimant has a possessory interest in the property;

applies only to civil forfeiture proceedings. The statute is inapplicable to this proceeding because this is a garnishment action under the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001-3308. Consequently, the court determines that the request is without merit and declines to order a release of the property.

Second, Defendant contends that he is entitled to court appointed counsel. Specifically, Massey argues that federal law requires the court to authorize counsel to represent a defendant who is unable to financially obtain representation by counsel on his own, when the civil proceedings are brought forth from a related criminal case. There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel. *Castro Romero v. Becken,* 256 F.3d 349, 354-55 (5th Cir. 2001) (citing *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982)). In determining whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *Id.*

Under *Castro-Romero*, Massey is not entitled to the appointment of counsel. This case is not complex in nature. The sole issue in the case is whether the government should be able to withhold and retain any property in which Massey has a substantial nonexempt interest. The answer is clearly enumerated in the FDCPA and is readily understood by people of reasonable intelligence.

---

(B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial;
(C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
(D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed or transferred if it is returned to the claimant during the pendency of the proceeding; and
(E) none of the conditions set forth in paragraph 8 applies.

Although Massey argues that he has both mental and psychological disorders, nothing in the record supports this contention. Massey has submitted coherent motions to the court. Further, Massey appeared in court, and the court personally observed Massey and interacted with him. Massey was able to argue his position clearly, and he understood the questions posed to him by the court. Based on its observations and interactions with Massey, the court concludes that he has above average intelligence. Additionally, no sophisticated issues of law have arisen in this case. Massey has demonstrated that he has the ability to represent himself in this proceeding. Therefore, the court determines that Defendant has not demonstrated a right to the appointment of counsel, and it will deny his request for appointment of counsel.

### III. Conclusion

For the reasons stated herein, the court determines that Defendant's request for the release of seized property is without merit. Further, the court determines that Defendant has not sufficiently demonstrated that he is entitled to the appointment of counsel. Accordingly, the court **denies** Defendant's Motion for Court Appointed Counsel and **denies** Defendant's Motion for Release of Seized Property. The court will issue a final order of garnishment by separate document.

**It is so ordered** this 5th day of November, 2010.

Sam A. Lindsay
United States District Judge